**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHARLES JONES**                                                    **CIVIL ACTION**

**VERSUS**                                                                   **NO. 25-160-JWD-RLB**

**ACE AMERICAN INSURANCE CO., ET AL.**

**NOTICE**

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

      **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

      Signed in Baton Rouge, Louisiana, on July 22, 2025.

      **RICHARD L. BOURGEOIS, JR.**
      **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHARLES JONES**                                                                                **CIVIL ACTION**

**VERSUS**                                                                                         **NO. 25-160-JWD-RLB**

**ACE AMERICAN INSURANCE CO., ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Charles Jones' ("Plaintiff") Motion to Remand. (R. Doc. 7). Also before the Court is Hobby Lobby Stores, Inc.'s ("Hobby Lobby") opposition. (R. Doc. 11).

**I.    Background**

On May 30, 2024, Plaintiff filed suit against Ace American Insurance Company and Jamarcus Woods ("Woods") in the 19th J.D.C. for East Baton Rouge Parish, Louisiana, alleging he suffered injuries and damages in an accident where Louisiana citizen Woods, who was driving a freightliner owned by Hobby Lobby, struck the vehicle Plaintiff was riding in while trying to change lanes. (R. Doc. 10-1). On November 19, 2024, Plaintiff filed a First Supplemental and Amending Petition for Damages (the "Amended Complaint"), naming Hobby Lobby as an additional defendant. (R. Doc. 10-2). Plaintiff alleges that Woods is liable for the accident due to his own negligence / fault. In addition, Plaintiff alleges that Hobby Lobby is vicariously liable for Woods' actions because he was acting in the course and scope of his employment with Hobby Lobby when the accident occurred.

On December 18, 2024, Hobby Lobby filed a Dilatory Exception of Vagueness and Non-conformity with the Requirements of Article 891 and 893. (R. Doc. 10-3). On February 13, 2025, Plaintiff responded by noting his medical bills exceed $75,000.00. (R. Doc. 10-4). Believing diversity jurisdiction existed, Hobby Lobby removed the case to this Court on February 21, 2025. (R. Doc. 1). In its Notice of Removal, Hobby Lobby argues this Court has jurisdiction because the

2

amount-in-controversy is greater than $75,000.00 and because the parties are diverse. Hobby Lobby argues that the non-diverse defendant, Woods, is improperly joined: "[H]e is named as a defendant solely by virtue of his employment with [Hobby Lobby] and was sued for actions allegedly committed in the course and scope of his employment with [Hobby Lobby]. [Hobby Lobby] thus avers . . . Woods has been improperly and/or fraudulently joined as a defendant to this litigation, not because [Plaintiff] intends to pursue a direct claim against him, but solely for the purpose of evading diversity jurisdiction." (R. Doc. 1 at 3). On March 12, 2025, this Court ordered the removing defendant to file an amended notice of removal setting forth all the citizenship particulars required to sustain federal diversity jurisdiction. (R. Doc. 6). Hobby Lobby filed its Amended Notice of Removal on March 25, 2025, six days after Plaintiff filed the Motion to Remand. (R. Docs. 7; 10).

In his Motion to Remand, Plaintiff argues Woods' citizenship must be considered, despite the fact that service upon him has been unsuccessful, because Plaintiff has a cause of action against Woods personally for the damages his negligence caused. (R. Docs. 7-1; 11-2; 11-5). Hobby Lobby asks this Court to deny the Motion to Remand, arguing Woods is improperly joined (i) because Hobby Lobby is vicariously liable for his actions and (ii) because a failure to serve is a badge of improper joinder. (R. Doc. 11). Hobby Lobby also asks that, should this Court find Plaintiff could discover a personal cause of action against Woods, the Motion to Remand should be stayed to allow for discovery. *Id.*

**II.    Law and Analysis**

Hobby Lobby argues Woods' citizenship should be disregarded because he was improperly joined. The Fifth Circuit has set forth the following standard for evaluating fraudulent or improper joinder:

> The burden of persuasion placed upon those who claim fraudulent joinder is a heavy one. The removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in-state court; or that there has been outright fraud in the plaintiff's

3

>pleadings of jurisdictional facts. In determining whether remand is appropriate this court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. In addition, any uncertainties in controlling substantive law must be resolved in favor of the plaintiff. Applying these rubrics, the court may find fraudulent joinder only if it concludes that the plaintiff has no possibility of establishing a valid cause of action against the in-state defendant.

*Laughlin v. Prudential Ins. Co.,* 882 F.2d 187, 190 (5th Cir.1989).

This Court must determine whether Plaintiff has stated a negligence claim for which Woods could be personally liable. Hobby Lobby argues Plaintiff has raised no viable claim against Woods because the Amended Complaint alleges a vicarious liability theory. Contrary to Hobby Lobby's position, however, is "that allegation does not preclude the plaintiff from successfully bringing negligence claims against [Woods] for a breach of personal duty." *Folse v. Ace American Ins. Co.*, 2016 WL 7115021, at *2 (E.D. La. Dec. 7, 2016); *see Justice v. Lee,* No. CV 21-1841, 2021 WL 5907714 (E.D. La. Dec. 14, 2021) (allegation of *respondeat superior* did not preclude relief against employees of an employer when Plaintiff met *Canter* criteria).

"Louisiana law provides an injured third party with a valid cause of action against both a negligent defendant driver and his employer [such that] an employee may be held liable to an injured motorist if he has a personal duty to the plaintiff, the breach of which has specifically caused the plaintiff's damages, notwithstanding an employer's vicarious liability for the acts of its employee." *Maffit v. Anderson,* No. 07 CV 666, 2007 WL 2713377, at *2 (W.D. La. Aug. 28, 2007), *report and recommendation adopted,* No. 07 CV 666, 2007 WL 9780385 (W.D. La. Sept. 14, 2007); *see LaCoste v. Stamps,* No. CIV. A. 95-0779, 1995 WL 442070, at *1 (E.D. La. July 25, 1995) (emphasis added) ("Louisiana law provides for an action by an injured third party against *both* the alleged employer and employee."). "If the elements for imposing individual

4

liability on the corporate employee are met, it does not matter that the corporation might also be liable." *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994)).

Quite simply, Plaintiff alleges that Woods was negligent and caused the accident and injuries at issue. Woods is properly joined and no further analysis is warranted.

However, to the extent any argument could be made that the only source of Woods' duty to the Plaintiff to drive in a way that does not cause traffic accidents is Woods' employment with Hobby Lobby (it is not), "[s]ince the decision of *Canter v. Koehring Co.,* 283 So.2d 716 (La.1973), the jurisprudence has been settled that an . . . employee of a corporation may owe a duty to a third person which duty is a result of his employment relationship." *Holmes v. Great Atlantic & Pacific Tea Co.,* 587 So.2d 750, 752 (La.App. 4th Cir.1991). In *Canter,* the court approved the

following criteria for imposing individual liability:

> (1) The employer must owe a duty of care;
> (2) This duty must be delegated by the employer to the . . . employee;
> (3) The employee must breach this duty through his own . . . fault; and
> (4) Personal liability cannot be imposed on the employee simply because of his general administrative responsibility for performance of some function of the employment; he must have a personal duty to the plaintiff that was not properly delegated to another employee.

*Maffit,* 2007 WL 2713377, at *2 (citing *Canter*, 283 So.2d at 721).

In the Amended Complaint, Plaintiff alleges Woods' vehicle hit Plaintiff's vehicle because Woods (1) failed to keep a proper lookout, (2) was following too closely, (3) failed to observe what the exercise of ordinary care would have revealed, (4) failed to keep the vehicle he was driving under control, and (5) failed to act in a reasonable manner under the circumstances. (R. Doc. 10-2 at 2). Considering these allegations, it is clear Plaintiff has stated an independent claim against Woods personally.

5

"[L]ike all other motorists on Louisiana highways, [Woods] must drive his vehicle in a reasonably prudent manner, and his failure to do so may subject him to liability, whether or not his employer may also be liable for his actions as a result of an existing employer-employee relationship." *Id.,* *3; *see* La. Stat. Ann. § 32:81 ("The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."); *see* La. Stat. Ann. § 32:79 ("A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."). Considering the *Canter* criteria, (1) Woods' employer, Hobby Lobby, owed the above duties to its customers, (2) Hobby Lobby delegated these duties to Woods by making him a permissive driver, (3) Woods allegedly breached these duties by following Plaintiff too closely and failing keep a proper lookout, and (4) the duties were personal duties to Plaintiff because all motorists have these duties to other drivers. As the *Canter* criteria are met, Woods was properly joined. *See Folse,* 2016 WL 7115021, at *2 (non-diverse driver employee not improperly joined when plaintiff alleged the driver "(1) failed to keep a proper lookout; (2) failed to steer his automobile properly, so as to avoid striking the plaintiff; and (3) failed to apply the brakes properly on the automobile so as to bring it to a stop before colliding with the plaintiff's vehicle" and court said these were allegations of "breaches of personal duties against [plaintiff]").

"Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008) (quotations and citation omitted). As Plaintiff is a Louisiana citizen and one of the defendants, Woods, is also a citizen of Louisiana, this Court has no jurisdiction. The fact that Woods has not yet been served is of no issue. *See Handy v. Owens Corning Corp.,*

6

No. CIV.A. 15-755, 2015 WL 3447206, at *2 (E.D. La. May 28, 2015) (quotations and citation omitted) ("[T]he citizenship of all named defendants, *whether served with process or not*, must be considered in determining whether complete diversity exists, thereby providing a jurisdiction basis for removal . . . under 28 U.S.C. § 1441.").

**III.    Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 7) be **GRANTED**, with the case to be remanded to the 19th J.D.C. of East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on July 22, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**